UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUSSEIN AHMED,

    Plaintiff,

Case No. 10-14642

v.

Honorable Paul D. Borman
United States District Judge

KEYSTONE SHIPPING CO. and
KEY LAKES, INC. and
KEY LAKES I, INC.,

    Defendants.

_____/

OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT IN PART
AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS

    This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. The Court held a hearing on February 2, 2012. For the reasons that follow, the Court GRANTS in part Plaintiff's Motion for Partial Summary Judgment and DENIES Plaintiff's Motion for Sanctions.

## I. INTRODUCTION

    Hussein Ahmed ("Plaintiff") worked as a seaman on the M/V Presque Isle, a vessel operated by Keystone Shipping Co., Key Lakes, Inc., and Key Lakes I, Inc. (collectively, "Defendants"). On April 19, 2010, Plaintiff allegedly slipped and fell down a companionway in the cargo tunnel of the vessel. The following day, Plaintiff filled out a Report of Personal Injury form. On the form, Plaintiff indicated that he "slipped & twisted ankle, slipped off step." Under the section where Plaintiff is asked to describe all parts of his body that were injured, Plaintiff responded "ankle." A

physician diagnosed Plaintiff with a sprained ankle and determined Plaintiff was fit for duty.

On April 21, 2010, Plaintiff departed the vessel and sought treatment at the Dearborn Medical Center. On April 26, 2010, a physician diagnosed Plaintiff with a herniated disc and determined Plaintiff was not fit for duty.

On September 7, 2010, Plaintiff underwent spinal surgery due to back injuries allegedly stemming from the accident on the vessel. Defendant paid for Plaintiff's surgery and for medical bills Plaintiff incurred prior to the surgery.

Plaintiff then began treatment with Dr. Policherca, a board-certified neurophysiologist. Dr. Policherca rendered physical therapy, pain medication, and muscle relaxants. Dr. Policherca indicated that Plaintiff was not fit for duty. Defendants have not paid the medical bills Plaintiff incurred from Dr. Policherca.

Plaintiff also began treatment with Dr. Mendiratta, a psychiatrist, for depression. Dr. Mendiratta prescribed Plaintiff medication. Defendants have not paid the medical bills Plaintiff incurred from Dr. Policherca.

Plaintiff filed a three-count Complaint alleging Negligence, Breach of Warranty, and Failure to Pay Maintenance and Cure Benefits. The issue is before the Court on Plaintiff's Motion for Summary Judgment as to Count III (Failure to Pay Cure Benefits) and for Sanctions.

**II.     STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine

issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must

3

set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

### III. ANALYSIS

#### A. Maintenance and Cure Benefits

A shipowner has an obligation to a seaman to pay maintenance and cure. *Skowronek v. Am. Steamship Co.*, 505 F.3d 482, 484 (6th Cir. 2007). Maintenance refers to the shipowners obligation to provide food and lodging to a seaman who becomes ill or is injured while in the service of the ship. *Id.* (citing *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962)). Cure refers to "care, including nursing and medical attention during such period as the duty continues." *Id.* (quoting *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 528 (1938)). The duty continues until the seaman reaches maximum medical recover. *Cunningham v. Interlake S.S. Co.*, 567 F.3d 758, 763 (6th Cir. 2009) (citing Blainey v. Am. S.S. Co., 990 F.2d 885, 887 (6th Cir. 1993)). Maximum recovery occurs when the seaman either has recovered or his condition is declared permanent. *Id.* at 485 (citing *Vella v. Ford Motor Co.*, 421 U.S. 1, 5 (1975)). The shipowner's duty to provide maintenance and cure arises regardless of whether the shipowner is at fault for the injury. *Cunningham*, 567 F.3d at 761.

To recover for maintenance and cure, Plaintiff needs to show (1) he was working as a seaman, (2) he became ill or was injured while in the vessel's service, and (3) he lost wages or incurred expenses relating to the treatment of the illness or injury. *West v. Midland Enter., Inc.*, 227 F.3d 613, 616 (6th Cir. 2000). The only portion of the analysis in dispute in this case is the latter

part of the third element: whether the expenses relate to the treatment of the injury. Additionally, Defendants argue that Plaintiff needed Defendants' authorization prior to changing physicians.

**B.     Outstanding Cure Benefits**

Plaintiff is seeking payment for Lakeview Memorial Hospital ($41.00, April 20, 2010 statement), Drs. Harris, Birkhill, P.C. ($277.00, September 24, 2010 statement), Oakwood Hospital ($3,498.75, September 29, 2010 statement), Basha Diagnostics, P.C. ($706.56, August 17, 2010 statement and receipts with various dates), Henry Ford Health Systems ($227.55, February 16, 2011 statement), Dr. Policherca ($585.00, February 17, 2011 statement), and Sheba Discount Pharmacy ($12,198.33, March 23, 2011 report).

**C.     Unpaid Cure Benefits Unrelated to Dr. Policherca and Dr. Mendiratta**

Although Defendants initially paid Plaintiff's cure benefits, Defendants ceased paying without explanation. Defendants do not attempt to argue against paying any of the bills, other than the bills related to Dr. Policherca or Dr. Mendiratta.[1] Accordingly, to the extent that the bills remain unpaid, Defendant shall pay Plaintiff's cure benefits for Lakeview Memorial Hospital, Drs. Harris, Birkhill, P.C., Oakwood Hospital, Basha Diagnostics, P.C., and Henry Ford Health Systems.

**D.     Defendants' Arguments**

Defendant offers three reasons for not paying Plaintiff's cure benefits related to Dr. Policherca or for Plaintiff's medication from Sheba Discount Pharmacy: 1) Plaintiff referred himself to Dr. Policherca and Dr. Mendiratta without Defendants' prior authorization, (2) Dr. Policherca and Dr. Mendiratta have "well-known propensities . . . to act as expert witnesses on behalf of Plaintiff",

---

[1] Plaintiff's expenses related to Dr. Mendiratta are for medications included in the report from Sheba Discount Pharmacy.

5

and (3) the treatment rendered by Dr. Policherca and Dr. Mendiratta is not related to Plaintiff's injury. The Court immediately discounts the second reason; there is nothing improper or disqualifying with regard to experts appearing often on one of a case. This, by itself, proves nothing.

### 1. Approval

Defendants first argument is that Dr. Policherca and Dr. Mendiratta are "physicians that [Plaintiff] chose to see of his own volition without receiving an approval from [Defendants] for this particular treatment," and therefore Defendants are not required to pay for the treatment rendered by Dr. Policherca or Dr. Mendiratta. Defendants, however, are unable to cite to any authority requiring Plaintiff to obtain Defendants' approval. When asked for authority for the proposition, Defendants conceded that there is no requirement that Plaintiff obtain permission, but argued that it is the "normal practice" to do so. Plaintiff's failure to obtain Defendants' permission to see Dr. Policherca and Dr. Mendiratta is not a proper basis for Defendants to cease paying Plaintiff's cure benefits, if the treatment is appropriate.

### 2. Doctors' Testimony in Unrelated Matters

Defendants do not cite to any authority for the proposition that the requirement to pay cure benefits is somehow alleviate when a plaintiff receives treatment from a doctor who testifies on other plaintiffs' behalf.[2] As such, even if Dr. Policherca and Dr. Mendiratta testified on other plaintiff's behalf, testimony in other matters is not a proper basis for Defendants to cease paying Plaintiff's cure benefits in this case.

---

[2] Additionally, while Defendants' counsel argued that Dr. Policherca and Dr. Mendiratta "are the same doctors that appear on witness lists that are filed by [Plaintiff's counsel]," Plaintiff's counsel informed the Court that he has never referred anyone to either Dr. Policherca or Dr. Mendiratta.

### 3. Relationship Between Treatment and Injury

Defendants' final argument is that the treatment rendered by Dr. Policherca and Dr. Mendiratta is not related to Plaintiff's injury. Because each of the two doctors provided different treatment, the Court analyzes Defendants' argument about the doctors separately.

#### a. Dr. Policherca

There is no genuine issue of material fact that the treatment rendered by Dr. Policherca is related to Plaintiff's original injury. On April 30, 2010, Plaintiff had an MRI taken that revealed Plaintiff had a herniated disc in his back. Plaintiff subsequently had spinal surgery to address the herniated disc. The treatment rendered by Dr. Policherca involves physical therapy, pain medication, and muscle relaxants. Plaintiff has offered evidence that the treatment stems from the original injury, and Defendants have not offered any evidence to refute Plaintiff's claim. Thus, the Court grants Plaintiff's Motion for Partial Summary Judgment as to the expenses incurred from Dr. Policherca.

#### b. Dr. Mendiratta

Plaintiff began treatment with Dr. Mendiratta for depression, and has introduced a letter from Dr. Mendiratta indicating that Plaintiff's depression is caused by his limited functional capacity because of the original injury. Dr. Mendiratta's report, however, indicates that Plaintiff had mental health issues in 2003. According to Dr. Mendiratta's report, Plaintiff was paranoid in 2003 and had to go to Yemen where Plaintiff was prescribed Zyprexa.[3] In *West*, *supra*, a seaman brought an action against a shipowner to recover for psychological injuries allegedly suffered when the captain

---

[3] Zyprexa is an antipsychotic medication. The cost of Zyprexa makes up the majority of Plaintiff's expenses related to Dr. Mendiratta.

7

ordered the seaman to watch a pornographic video. The seaman, however, had pre-existing alcoholism and a venereal disease. The defendant filed a motion for summary judgment, but the district court denied the defendant's motion for summary judgment and granted the plaintiff summary judgment *sua sponte*. The Sixth Circuit affirmed the district court's decision to deny the defendant's motion for summary judgment, but reversed the district court's decision to grant the plaintiff summary judgment *sua sponte*. The Sixth Circuit reasoned that "[b]ecause there is a genuine issue of material fact as to whether [the plaintiff's] alleged problems were caused by watching the videotape as opposed to his alcoholism or venereal disease, the district court erred in granting summary judgment for [the plaintiff] on the maintenance and cure claim." *West*, 227 F.3d at 617. Likewise, there is a genuine issue of material fact as to whether Plaintiff's depression is caused by his limited functionality because of the injury, or whether it was a long-time preexisting condition. Thus, the Court denies Plaintiff's Motion for Partial Summary Judgment as to the expenses incurred from Dr. Mendiratta.[4]

### E. Compensatory and Punitive Damages

Plaintiff also requests that Defendants be sanctioned in the form of compensatory and punitive damages. Plaintiff cites to *Vaughan*, *supra*, for the proposition that he is entitled to such damages. In *Vaughan*, the United States Supreme Court granted a seaman reasonable attorney's fees as damages for the defendants failure to pay maintenance and cure benefits where the seaman was forced to hire an attorney to recover maintenance and cure benefits. In awarding the fees, however,

---

[4] Because the Court denies Plaintiff's Motion for Partial Summary Judgment as to Dr. Mendiratta, but grants Plaintiff's Motion for Partial Summary Judgment as to the other medical expenses, Defendant shall pay Plaintiff's cure benefits to Sheba Discount Pharmacy for all medication, less the prescriptions associated with Dr. Mendiratta.

the Supreme Court noted that the defendants "were callous in their attitude, making no investigation of [the plaintiff]'s claim and by their silence neither admitting nor denying it. As a result of that recalcitrance, [the plaintiff] was forced to hire a lawyer and go to court to get what was plainly owed to him under laws that are centuries old. The default was willful and persistent." *Vaughan*, 369 U.S. at 530-31. The instant Defendants' behavior can be distinguished from the behavior of the defendants in *Vaughan*. In *Vaughan*, the defendants did not pay any of the plaintiff's medical bills, whereas here Defendants paid all of Plaintiff's medical expenses for Plaintiff's original treating physicians, including paying for Plaintiff's surgery. In *Vaughan*, the defendants only investigation of the plaintiff's claims was a single interrogation, whereas here Defendants subpoenaed Plaintiff's medical records to determine the validity of Plaintiff's claims. Therefore Plaintiff's request for compensatory and punitive damages is denied.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Partial Summary in part, and DENIES Plaintiff's Motion for Sanctions.

IT IS SO ORDERED.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2012

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 8, 2012.

S/Denise Goodine  
Case Manager