UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUSSEIN AHMED,

      Plaintiff,

                                      Case No. 10-14642

v.                                   Honorable Paul D. Borman
                                        United States District Judge

KEYSTONE SHIPPING CO. and
KEY LAKES, INC. and
KEY LAKES I, INC.,

      Defendants.

_____/

OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL
RECONSIDERATION

On February 2, 201, the Court held a hearing on Plaintiff's Motion for Partial Summary

Judgment and for Sanctions. The Court granted in part Plaintiff's Motion for Partial Summary

Judgment and denied Plaintiff's Motion for Sanctions. On February 22, 2012, Plaintiff filed a

Motion for Partial Reconsideration. For the reasons that follow, the Court DENIES Plaintiff's

Motion for Partial Reconsideration.

**II.**    **STANDARD OF REVIEW**

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in

pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant
> motions for rehearing or reconsideration that merely present the same issues ruled
> upon by the court, either expressly or by reasonable implication. The movant must
> not only demonstrate a palpable defect by which the court and the parties and other
> persons entitled to be heard on the motion have been misled but also show that
> correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp.2d 714, 718 (E.D. Mich.2001).

## III.   ANALYSIS

Plaintiff seeks to have the Court reconsider its decision denying Plaintiff's Motion for Sanctions.  Plaintiff contends that the Court denied the Motion because of its mistaken factual finding that Defendants paid for all of Plaintiff's medical expenses.  Plaintiff points to the Court's February 8, 2012 Opinion and Order, in which it stated "Defendants paid all of Plaintiff's medical expenses for Plaintiff's original treating physicians, including paying for Plaintiff's surgery."  This, however, is not a palpable defect.

As evidenced by the remainder of the Opinion, as well as the Court's ultimate ruling, the Court did not make the factual finding that Defendants paid for all of Plaintiff's medical expenses for Plaintiff's original treating physicians.

The Court made the statement in connection to its distinction between the instant Defendants and the defendants in *Vaughan v. Atkinson*, 369 U.S. 527 (1962).  Correcting the statement, however, does not change the Court's ruling on compensatory and punitive damages. The instant Defendants' behavior can be distinguished from the behavior of the defendants in *Vaughan*.  In *Vaughan*, the defendants did not pay any of the plaintiff's medical bills, whereas here Defendants paid medical expenses for Plaintiff's original treating physicians, including paying for Plaintiff's surgery.  In *Vaughan*, the defendants only investigation of the plaintiff's claims was a single interrogation, whereas here Defendants subpoenaed Plaintiff's medical records to determine the validity of Plaintiff's claims.  Thus, even though the instant Defendants

did not pay for all of Plaintiff's medical bills, their behavior was not as callous as the behavior of the defendants in *Vaughan*. Accordingly, compensatory and punitive damages are inappropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Partial Reconsideration.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 2-28-12